## Muia v. Muia

*Bloom, Bloom & Yard* and *Milton D. Rosenberg,* for plaintiff.

GIBSON, P. J., June 29, 1953.—Plaintiff brought her action by filing a complaint in her own name on March 27, 1953. Service was made on defendant in the State of California by registered mail. No appearance being entered for defendant and no answer filed, plaintiff, through her counsel, had a master appointed and proceeded to hearing on May 27, 1953.

On the master's examination of plaintiff, it developed that she was 20 years of age, whereupon counsel for plaintiff stated that he would amend the complaint, and then, with the master's approval, the hearing was proceeded with and completed on that day as though the amendment had been made.

On June 1, 1953, plaintiff filed a complaint at the same number and term which was marked "Amended", whereby she brought suit by her guardian, Joseph Manfredi, stating that she was a minor, with which she filed her petition for leave to amend, to which was attached a joinder of the guardian stating that he had acquiesced in the proceeding previously begun, had full knowledge of the master's hearing, and that he consented to the amended complaint.

On this petition there was secured an order of court directing the amended complaint to be filed as of March 27, 1953, the date of the filing of the original complaint. The order also provided: "No further notice of the same shall be given to the defendant", and, so far as the record shows, there was no further notice given to defendant.

Procedural Rule 2027 provides, "When a minor is a party to an action he *shall* be represented by a guardian . . ."

The rules also provide that if the minority of the party is ascertained during the trial, the court may forthwith appoint a guardian or continue the proceedings until a guardian is appointed.

We know of no authority in a master to permit an amendment or proceed after the minority of plaintiff has been disclosed. Neither do we know of any authority to make a substantial amendment in a divorce proceeding without some service or attempted service on defendant. If defendant was served by the mailing of a certified copy of the original complaint, and he knew anything about procedure, he knew that this procedure was not permissible and required no attention until an amendment had been served.

There are such doubts regarding procedure here and proper service on defendant that we hesitate to enter a decree.

It might also be suggested that there has been no formal appearance on behalf of plaintiff.

And now, June 29, 1953, it is ordered that the above proceeding be placed on the next argument list. . . .

July 23, 1953. Motion to serve amended complaint, retain same master and strike case from argument list filed, and granted.

### Order

And now, July 23, petitioner is granted permission to serve the amended complaint in divorce filed at

May term 1953, no. 208, and a certified copy of this petition and order upon defendant, Enrico F. Muia, according to the Rules of Civil Procedure, and in the event that there be no objections after service of the amended complaint upon defendant, it is hereby ordered and decreed that the same master be approved to complete the proceedings at the above number and term. It is further ordered and decreed that the aforesaid case be stricken from the next argument list.

July 27, 1953. Amended complaint served on defendant by registered mail.

September 8, 1953. Supplementary report and transcript of testimony filed.

September 15, 1953. Decree in divorce granted.